## City of Philadelphia to Use of Jacob M. Peters, Plff. in Err., v. Julia B. Keith et al.

No power exists to charge rural property for paving the roads upon which it is situated, by the foot-front measure of liability applicable to city property. Seely v. Pittsburgh, 32 Pa. 360, 22 Am. Rep. 760; and Philadelphia v. Wetherill, 13 W. N. C. 10 followed.

(Decided January 18, 1886.)

Error to the Court of Common Pleas, No. 2, of the City of Philadelphia, to review a judgment for defendants. Affirmed.

In 1872 Jacob M. Peters procured the passage of an ordinance under which the commissioner of highways awarded to him the contract to pave Indiana avenue, in the city of Philadelphia, and this action was brought to enforce a lien for such improvements against property situated upon said road. The defense was that the property was rural and in a rural district, and not subject to the lien sought to be enforced. Verdict and judgment passed for defendants, and plaintiff brought error.

Geo. W. Biddle for plaintiff in error.

Wm. Herbert Washington, Thomas DeWitt Cuyler, and E. Coppe Mitchell for defendants in error.

Per Curiam:

We deem it unnecessary to answer at length the able and

---

Note.—The foot-front rule of assessment does not apply to rural property, though it be situated within the city limits. Philadelphia use of Johnson v. Rule, 93 Pa. 15; Seely v. Pittsburgh, 82 Pa. 360, 22 Am. Rep. 760; Scranton v. Pennsylvania Coal Co. 105 Pa. 445. The question as to whether the property is rural or urban is for the jury. Philadelphia v. Gorgas, 180 Pa. 296, 36 Atl. 868; Norristown v. Fornance, 1 Pa. Super. Ct. 129, 37 W. N. C. 574, 12 Montg. Co. L. Rep. 37; McKeesport v. Soles, 165 Pa. 628, 30 Atl. 1019. It has been held that the rule may be applied, though the property is rural, where it has been greatly increased in value, and the owner neither contributed, nor offered to contribute, to the costs of the benefits received. Pittsburgh's Appeal, 118 Pa. 458, 12 Atl. 366. And it has been sustained where sidewalks are paved under the general borough act of April 3, 1851. Beltzhoover v. Maple, 130 Pa. 335, 18 Atl. 650; Jenkintown v. Firmstone, 9 Montg. Co. L. Rep. 173.

As to constitutionality of frontage rule of assessment as applied to rural or suburban property, see editorial note to Raleigh v. Peace, 17 L. R. A. 330, containing a full presentation of the authorities on that question.

zealous argument of the counsel for the plaintiff in error, or to review the numerous authorities cited by them. The case was tried on the plea that the premises were "a part of and in a rural district." That was the issue tried. The jury found it in favor of the defendant. The only question then is, What is the law upon this state of facts? It is well settled that where the property is rural there is an absence of power to charge it by the foot-front measure of liability. Seely v. Pittsburgh, 82 Pa. 360, 22 Am. Rep, 760; Philadelphia v. Wetherill, 13 W. N. C. 10. The case of Lukens v. Philadelphia, 13 W. N. C. 86, declares nothing in conflict therewith; it follows there was no error in rejecting the offers of evidence, nor in the answers to the points, nor in the charge of the court.

Judgment affirmed.